## FORD v. THE STATE.

Evidence of a conversation overheard between the accused and his wife is not inadmissible for the reason that the wife is incompetent to explain or deny her part in the conversation.

Submitted January 15,—Decided February 15, 1906.

Indictment for assault with intent to murder. Before Judge Littlejohn. Schley superior court. November 16, 1905.

*Williams & Harper*, for plaintiff in error.

*F. A. Hooper, solicitor-general*, contra.

COBB, P. J. The accused was tried upon an indictment charging him with an assault with intent to murder, and was convicted of the offense of stabbing. He filed a motion for a new trial, upon the general grounds, and upon the further ground that the court erred in admitting the evidence of one Jordan, who testified to a conversation he had overheard between the accused and the wife of the accused, as follows: "His wife says to him, 'Hush, John, you know you are in fault. You ain't got no business to say that anybody interrupted you at all.' He says, 'Well, I meant to do that young man up a job if it had not been for his wife.'" The objection urged to this testimony was that the wife of the accused was an incompetent witness to testify for or against him, and she would, therefore, not be permitted to deny or explain the above conversation. We do not think the objection well taken. It is true that the wife is an incompetent witness in a case where the husband is on trial, but the accused had the privilege of referring to this conversation in his statement and explaining it in any way he could, and the jury were authorized to accept his explanation. The wife's explanation as to her part of the conversation is immaterial. It is the silence or the sayings of the husband that are pertinent and throw light upon the issue. He is the proper person to explain or deny his statement. A conversation between husband and wife, overheard by a third person, may be testified to by such third person, just as any other conversation so overheard might be testified to, and such evidence, when relevant, is ordinarily admissible. See *Grant* v. *State*, ante, 757.

The evidence authorized the verdict, and the discretion of the trial judge in refusing to grant a new trial will not be controlled.

*Judgment affirmed. All the Justices concur.*